Signed as modified by the Court.

**This order is SIGNED.**

**Dated: November 6, 2023**



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



*msc*

Knute Rife (USB No. 4756)
Rife Law Office
PO Box 2941
Salt Lake City, UT 84110
Telephone: 801-809-9986
Email: KARife@RifeLegal.com
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re KW Excavation, Inc.,<br><br>Debtor,<br><br>Address: PO Box 1043<br>           Kaysville, UT 84037 | Case No.  22-21925<br>Chapter 11<br><br>Judge William T. Thurman |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
### CONFIRMATION OF DEBTOR'S AMENDED PLAN DATED 15 JULY 2023
### UNDER SUBCHAPTER V OF CHAPTER 11

This matter came before the Court on 26 October 2023 at 2:00 p.m. ("Confirmation Hearing") to consider confirmation of Debtor's Amended Chapter 11 Plan Dated 15 July 2023 ("Amended Plan") (Docket No. 153, as modified by (i) the Debtor's Notice of Plan Corrections/Updates, Docket No. 166 (the "Correction Notice"), and (ii) Caterpillar Financial Services Corporation's ("Caterpillar Financial") Response

to Debtor's Amended Chapter 11 Plan Dated July 15, 2023 (the "CAT Financial Response"), Docket No. 167 [collectively, with the Amended Plan and the Correction Notice, the "Plan", as it may be modified by the Confirmation Order) filed by KW Excavation Inc., debtor and debtor-in-possession ("Debtor") in this bankruptcy case ("Case") under Subchapter V of Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Knute Rife appeared on behalf of Debtor. Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Plan, Debtor's Report of Balloting on Plan (Ballot Report, Docket No. 110), the Declaration of Janeice Whitaker in Support of Confirmation ("Whitaker Declaration", Docket No. 168), and the facts stated therein, the absence of any objections to confirmation of the Plan, the statements and arguments of counsel and other matters of record, and good cause having been shown, the Court enters the following Findings of Fact and Conclusions of Law:

1. This Court has jurisdiction over this Case pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §157(b)(2), and this Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. This Court takes judicial notice of the docket of the Case, including all pleadings, papers, and other documents filed, all orders entered, and the transcripts and minute entries of all hearings heard in this Case.

3. Timely notice of the Plan was sent to all creditors in the Case, and notice of the confirmation hearing has been adequate to allow the Court to proceed with the Confirmation Hearing. The Plan, notice of the Plan and Confirmation Hearing, notices of continuances of the Confirmation Hearing, and relevant ballots were served in compliance with the Bankruptcy Code and related rules upon creditors and holders of equity interests entitled to vote on the Plan, and such transmittal and service were sufficient.

4. Pursuant to §1181(b), §1125 and its disclosure statement requirements do not apply in this Case. Debtor's solicitation and tabulation of ballots complied with the requirements for this Court to conclude that the solicitation process has proceeded in "good faith" within the meaning of §1125, and Debtor and its agents are entitled to the projections of §1125(e).

5. The Plan establishes five classes of claims. The ballots received were in Class B-1 and voted in favor of the Plan. No votes were cast in the C-1 and C-2 Classes, and therefore those classes are deemed to have accepted the Plan. There were no dissenting votes from any creditor on the issue of Plan confirmation. All Classes have either accepted the Plan by affirmative vote or are deemed to have accepted the Plan pursuant to the terms of the Plan and the holding in *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir. 1988), and the Plan therefore complies with §1129(a)(8).

6. Pursuant to §103(i), Debtor (a) is a "debtor" as defined in §1182, and (b) elected that Subchapter V of the Chapter shall apply to this case. Further:

a. Debtor is engaged in commercial activities, and has aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date of not more than $7,500,000.00, not less than 50% of which arise from the commercial activities of Debtor.

b. Debtor is not a person whose primary activity is the business of owning single asset real estate.

c. Debtor is not part of an affiliated group of companies or debtors.

d. Debtor is not subject to the reporting requirements of §§13 or 15(d) of the Securities Exchange Act of 1934 nor is an affiliate of an issuer as defined therein.

7. The Plan complies with §1129(a)(1) in that it complies with the applicable provisions of Title 11 of the Bankruptcy Code, including as follows:

a. Proper Classification. As required by §1123(a)(1), Article V of the Plan properly designates classes of Claims and classifies only substantially similar claims in the same classes pursuant to §1122.

b. Specify Unimpaired Classes. Classes A-1 and A-2 are unimpaired under the Plan and are deemed to have accepted the Plan.

c. Specify Treatment of Impaired Classes. Classes B-1, C-1, and C-2 are designated as impaired under the Plan. Article V of the Plan specifies the treatment of the impaired classes of claims, thereby satisfying §1123(a)(3).

d. No Discrimination. The Plan provides for similar treatment for each claim or interest in each class unless the holder of a particular claim has agreed to less favorable treatment with respect to that claim, thereby satisfying §1123(a)(4).

e. <u>Implementation of the Plan</u>. The Plan provides adequate and proper means for implementation, thereby satisfying §1123(a)(5). Among other things, Articles V, VI, and XII provide for (a) the vesting of estate property in Reorganized Debtor; (b) ownership and management structure of Reorganized Debtor; (c) Reorganized Debtor's use and retention of property; and (d) distributions to creditors.

f. <u>Corporate Ownership</u>. Debtor has one shareholder, and Reorganized Debtor shall continue that corporate structure for the duration of the Plan, in compliance with §1123(a)(6).

g. <u>Ongoing Management</u>. Janeice Whitaker has agreed to continue as management of Reorganized Debtor, and nothing contained in the Plan is inconsistent with the interests of creditors and interest-holders, or with public policy, with respect to the manner of selection of future officers, directors, or trustees, as required by §1123(a)(7).

h. <u>Additional Plan Provisions</u>. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) assumption and rejection of executory contracts and unexpired leases, and (b) the retention, enforcement, and/or abandonment of claims upon confirmation, satisfying §1123(b).

i. <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies Debtor as its proponent, satisfying Bankruptcy Rule 3016(a).

j. <u>Filing of the Plan</u>. Debtor filed the original draft of its Plan on 24 August 2022 and amended the Plan on 13 January 2023 and 15 July 2023 satisfying §1189.

k. Contents of the Plan. As required by §1190(1), the Plan includes (a) a brief history of the business operations of Debtor, (b) a liquidation analysis, and (c) projections with respect to the ability of the Debtor to make payments under the proposed plan of reorganization. As required by §1190(2), the Plan provides for the use of future earnings of Reorganized Debtor to satisfy Plan obligations. Because no creditors voted against the Plan, it will not be confirmed over the dissent of any class of creditors. §1190(3) is inapplicable in this case.

8. The Plan satisfies the requirements of §1129(a)(1) and (2). Among other things:

a. Debtor is the proper plan proponent;

b. the Plan complies, and Debtor has complied, generally with the applicable provisions of the Bankruptcy Code; and

c. Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and orders of the Court in transmitting the Plan, ballots, related documents, and notices, and in soliciting and tabulating votes on the Plan.

9. Debtor filed the Case in good faith and for legitimate purposes of dealing with business disruptions arising from the global pandemic. The Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with § 1129(a)(3). Among other things:

a. Debtor filed this Case and has proposed the Plan for a valid bankruptcy purpose, namely the restructuring of its debts and reorganization of its business as a going concern;

b. neither this Case nor the Plan itself was filed as a litigation tactic or for delay;

c. Debtor has been and is actively prosecuting this case;

d. Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing a meaningful return to its creditors;

e. the Plan is the fruit of arms-length negotiations with creditors and includes input from the Office of the U.S. Trustee and the Subchapter V Trustee; and

f. the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims, to be paid directly by Debtor, from the projected disposable income arising from Debtor's business operations and other potential assets.

10. In compliance with §1129(a)(4), Article V of the Plan makes appropriate provision for payment of all professional expenses pursuant to a fee application process requiring court approval.

11. In compliance with §1129(a)(5), the Plan identifies the individuals who will serve as post-confirmation management. Adequate disclosure of insider employment has been made.

12. In compliance with §1129(a)(6), Debtor is not subject to any governmental regulatory rate-setting restrictions.

13. In compliance with §1129(a)(7), the analysis contained in the Ballot Report shows the Plan was accepted by all voting Classes. Further, the Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the effective date of the Plan, that is not less than the amount the holder

would receive or retain if the Case were converted to Chapter 7, and the estate were liquidated by a Chapter 7 Trustee.

14. The Plan provides, in Article V for the treatment of administrative and priority claimants in accordance with the requirements of §§1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

15. In compliance with §1129(a)(10), at least one impaired class has accepted the Plan, determined without including any acceptance of the plan by any insider.

16. In compliance with §1129(a)(11), the Plan is feasible and is unlikely to lead to the need for further reorganization or liquidation.

17. In compliance with §1129(a)(12), all fees payable under 28 U.S.C. §1930 have been paid.

18. Debtor has no continuing obligations with respect to retiree benefits, so §1129(a)(13) is inapplicable.

19. Debtor has no liability for any Domestic Support Obligations, so §1129(a)(14) is inapplicable.

20. Pursuant to §1181(a), §1129(a)(15) is inapplicable in a Subchapter V case, and it is otherwise inapplicable in this Case because Debtor is not an individual.

21. The Plan complies with §1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable non-bankruptcy law that governs the transfer of property by a corporation.

22. For the reasons stated above and in the Ballot Report, the Plan should be confirmed as a consensual plan under §1191(a).

23. Pursuant to the terms of the Plan, all executory contracts not expressly assumed are rejected under the Plan.

24. In summary, the Plan complies with, and Debtor has satisfied, all applicable confirmation requirements and the Plan will be confirmed by entry of the separate Confirmation Order.

--------------------END OF DOCUMENT--------------------

DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR'S AMENDED PLAN DATED 15 JULY 2023 UNDER SUBCHAPTER V OF CHAPTER 11** shall be served to the parties and in the manner designated below:

I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

United States Trustee
USTPRegion19.SK.ECF@usdoj.gov

Melinda Willden
for US Trustee
melinda.willden@usdoj.gov

Brian M. Rothschild
Subchapter V Trustee
brothschild@parsonsbehle.com

G. Troy Parkinson
for GRFS Equipment Leasing
troy.parkinson@lundbergfirm.com

David H. Leigh
for Caterpillar Financial
dleigh@rqn.com

In addition to the parties of record receiving notice through the CM/ECF system, the other parties on the attached mailing list should be served notice pursuant to Fed R. Civ. P. 5(b).

                                               /s/ Knute A. Rife